UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-137-R

TERRY DANIELS                                                                                          PLAINTIFF

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA                                                                                       DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Life Insurance Company of North America's Motion for Judgment (Docket #12). Plaintiff Terry Daniels has responded (Docket #16). Defendant has replied (Docket #19). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Terry Daniels has filed suit under ERISA, 29 U.S.C. § 1132(a)(1)(B) to recover long-term disability benefits from Defendant Life Insurance Company of North America. Defendant denied Plaintiff's benefits claim on March 11, 2002. Plaintiff appealed the denial of her benefits to Defendant on April 26, 2002. Defendant denied the appeal on August 28, 2002. Plaintiff states that her counsel filed a complaint with the Kentucky Department of Insurance on June 2, 2003, but that it is unclear what happened to the complaint. Plaintiff filed this action on August 11, 2008.

Plaintiff's policy contains a three-year limitations period in which Plaintiff may file suit. Defendant argues that the three-year limitations period bars Plaintiff's claim, which was filed six years after Defendant denied Plaintiff's appeal.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish

that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

ERISA authorizes a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 132(a)(1)(B). ERISA does not provide a statute of limitations for such claims. *Santino v. Provident Life & Accident*, 276 F.3d 772, 776 (6th Cir. 2001). The Sixth Circuit has held that ERISA benefits claims are governed by the most analogous state statute of limitations. *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir.

1991). However, the Sixth Circuit has also noted that state law may allow insurance contracts to contain a shorter limitations period. *Santino*, 276 F.3d at 776. Kentucky courts have held that insurance contracts may contain a shorter limitations period. *Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17,18 (Ky. App. 1978). In this case, the policy states that "[n]o action shall be brought more than 3 years after the satisfactory proof of loss is required to be furnished."

Plaintiff argues that the policy allows her to bring an action within the statutory limitations period, if the governing statutory period is longer than three years. In effect, Plaintiff argues that the three year period is merely the minimum period allowed under the policy, but that if a state statute allows a longer period, the policy is governed by the statutory period. Plaintiff also argues that at the very least the conflicting policy provisions render the contract ambiguous, which should be resolved in Plaintiff's favor. In support of this argument, Plaintiff cites the following section of the policy:

> If any time limit stated in the Policy . . . for bringing any action at law or equity, is less than permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

Plaintiff argues that when the three-year limitations period "is less than permitted" by Kentucky law, the three-year period "is extended to agree with the minimum permitted" by Kentucky law. However, the three-year limitations period is not less than minimum permitted by Kentucky law, because Kentucky courts consistently uphold such provisions.

In addition, Plaintiff's interpretation is inconsistent with the language used in the policy. The statute of limitations is a statutorily determined maximum period in which a plaintiff may bring a claim. This is a separate issue than determining if the three year period is less than "the minimum permitted by the law of [Kentucky]." For the Court to find that the parties intended that the

minimum permitted by law must be the statute of limitations is simply too strained an interpretation to create any ambiguity.

Finally, Kentucky courts have specifically rejected Plaintiff's interpretation of a similar policy provision. *Green v. John Hancock Mut. Life Ins. Co.*, 601 S.W.2d 612, 613-14 (Ky. App. 1980). As the Court finds that Plaintiff's interpretation is too strained to be reasonable and Kentucky courts have previously rejected Plaintiff's interpretation of the policy, Plaintiff was required to file this lawsuit no later than three years after the limitations period began to run. Because Plaintiff did not do so, Defendant is entitled to judgment as a matter of law.

In any event, even if the Plaintiff were correct that the three-year limitations period should be extended to the statutory limitations period, Plaintiff is still not entitled to relief. In choosing the proper statue of limitations under Kentucky law for ERISA claims, the Sixth Circuit has applied KRS 413.120(2). *Redmon v. Sud-Chemie*, 547 F.3d 531, 538 (6th Cir. 2008). KRS 413.120(2) states that "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability" must be brought within five years.

Plaintiff argues that her claim is purely contractual, and therefore falls under the fifteen year statute of limitations found in KRS 413.090(2). The Sixth Circuit has noted that a claim for ERISA benefits might present an issue of contract law. *Redmon*, 547 F.3d at 537. The example provided by the Sixth Circuit of such a claim involved a plaintiff challenging the authenticity of a signature on a waiver. *Id.* Such a cause of action would involve only state contract law, and would not rely on ERISA's federal statutory scheme.

"ERISA is more akin to a statutory scheme such as Workers' Compensation than to any common law cause of action. Therefore, under Kentucky law, the statutory liability provision is the

4

most analogous statute of limitations." *Id.* at 538 (citations omitted). *See also Fallin v. Commonwealth Industries Inc.*, 521 F. Supp. 2d 592, 595 (W.D. Ky. 2007) ("It is true that an ERISA claim can itself involve contractual elements because an ERISA plan contains a set of promises, often unilateral ones. Nevertheless, ERISA is a statutory edifice. Federal law applies to its enforcement.").

In this case, Plaintiff attempts to make use of ERISA's "interlocking, interrelated, and interdependent remedial scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 204 (2004). Plaintiff filed suit to recover benefits under ERISA's civil suit provision. 29 U.S.C. § 1132(a)(1)(B). Plaintiff requests equitable relief, which is authorized under 29 U.S.C. § 1132(a)(3). Plaintiff also requests attorney's fees, which is authorized under 29 U.S.C. § 1132(g)(1). Because Plaintiff's cause of action is firmly within ERISA's statutory scheme, the proper limitations period is governed by KRS 413.120(2). Plaintiff's suit was filed six years after her appeal was denied. Therefore, Plaintiff would not be entitled to relief even if she were correct that the applicable Kentucky statute of limitations, rather than the three-year contractual limitations period, governs this action.

## CONCLUSION

For the above reasons Defendant's motion is GRANTED.

An appropriate order shall issue.